UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

26-CR-20055-BLOOM/ELFENBEIN
CASE NO. ______________________

18 U.S.C. § 1343
15 U.S.C. § 645(a)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

ALVIN BERNARD,

Defendant.
______________________________/

FILED BY BM D.C.
Feb 17, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

At all times material to this Indictment:

1. The United States Small Business Administration ("SBA") was an agency of the executive branch of the Government of the United States. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization and provision of funds to the SBA to provide Economic Injury Disaster Loans ("EIDLs") to eligible small businesses experiencing substantial financial disruptions due to the COVID-19 pandemic to allow

them to meet financial obligations and operating expenses that could have been met had the disaster not occurred.

3. In order to obtain a COVID-19 EIDL, a qualifying for-profit business was required to submit an EIDL application to the SBA and provide information about its operations, including its gross revenues and number of employees, for the 12-month period preceding January 31, 2020. The applicant also was required to certify under penalty of perjury that all the information in the application was true and correct.

4. EIDL applications were submitted directly to and processed by the SBA. The amount of the loan approved and any advance provided was determined based, in part, on the information provided in the application concerning the number of employees and cost of goods sold. Any EIDL funds were issued directly by the United States government to the applicant's bank account. EIDL recipients were eligible to request an increase in the EIDL funding obtained by submitting a subsequent request to the SBA. The SBA's decision on these modification requests was based, in part, on the information provided by the applicant on the original EIDL application.

5. Defendant **ALVIN BERNARD** was a resident of Miami-Dade County, Florida, who was employed by the Miami Gardens Police Department as a Police Officer.

6. Vanity Properties LLC ("Vanity Properties") was a Florida Limited Liability Company created on or about October 28, 2019. **ALVIN BERNARD** was the sole Manager and authorized person for Vanity Properties.

7. The "Bank" was a bank that did business throughout the United States, including maintaining branches in the Southern District of Florida.

8. Vanity Properties maintained a business checking account at the Bank (the "Vanity Properties Account") that was opened by **ALVIN BERNARD**. **BERNARD** was the sole signatory on the Vanity Properties Account.

**COUNTS 1-2**
**Wire Fraud**
**(18 U.S.C. § 1343)**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as through fully set forth herein.

2. From in or around July 2020, and continuing through in or around July 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ALVIN BERNARD,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE SCHEME AND ARTIFICE**

3. The purpose of the scheme and artifice was for **ALVIN BERNARD** to unlawfully enrich himself by submitting false and fraudulent EIDL applications to obtain loan proceeds directly from the SBA for his own use and benefit.

## THE SCHEME AND ARTIFACE

The manner and means by which **ALVIN BERNARD** sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. **ALVIN BERNARD** submitted to the SBA, via interstate wire communications, an EIDL application claiming to be the 100% owner of "Vanity Properties LLC," which he described as a real estate business operating under the trade name of "Vanity Properties." In the application, **BERNARD** claimed that Vanity Properties was established on October 28, 2019, and that he had also owned the business since that date. That EIDL application falsely and fraudulently certified that for the 12-month period prior to January 31, 2020, Vanity Properties had gross revenues of $127,881.

5. As a result of the false and fraudulent EIDL application that **ALVIN BERNARD** submitted to the SBA, Vanity Properties obtained from the SBA approximately $63,900 in EIDL proceeds that were sent by the SBA via Electronic Funds Transfer to the Vanity Properties Account controlled by **BERNARD**. This Electronic Funds Transfer involved the use of interstate wire communications.

6. On or about May 5, 2021, **ALVIN BERNARD** submitted to the SBA, via interstate wire communications, a request for additional EIDL funding for Vanity Properties. In support thereof, **BERNARD** submitted to the SBA a Certification of Resolution of the Board of Directors for Vanity Properties dated May 8, 2021, authorizing Vanity Properties to seek a loan of $350,000 from the SBA. This Certification of Resolution was electronically signed by **BERNARD** as the Manager of Vanity Properties.

## USE OF WIRES

7. On or about the dates specified below for each count, in the Southern District of Florida, and elsewhere, **ALVIN BERNARD**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | July 15, 2020 | Electronic submission of an EIDL application containing false information about the gross revenues, for the 12-month period prior to January 31, 2020, of Vanity Properties LLC, causing a wire transmission from the Southern District of Florida to outside of the state of Florida |
| 2 | May 5, 2021 | Electronic submission of a request to increase EIDL funding for Vanity Properties LLC, causing a wire transmission from the Southern District of Florida to outside the state of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 3
**False Statement to the SBA**
**(15 U.S.C. § 645(a))**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as through fully set forth herein.

2. On or about July 15, 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ALVIN BERNARD,**

did knowingly make and cause to be made a false statement to the Small Business Administration for the purpose of obtaining money and influencing in any way the Small Business Administration, that is, an SBA Economic Injury Disaster Loan application, which false statement included, among other things, that Vanity Properties' "Gross Revenues for the Twelve (12) month Prior to the Date of the Disaster (January 31, 2020)" were "$127,881.00", in violation of Title 15, United States Code, Section 645(a).

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ALVIN BERNARD**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant, **ALVIN BERNARD**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

FOREPERSON

for:

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

EDWARD N. STAMM
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** **CASE NO.: 26-CR-20055-BLOOM/ELFENBEIN**

**v.**

ALVIN BERNARD,
______________________________/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: __________
4. This case will take 3 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) |
|---|---|---|---|
| I | ☑ | 0 to 5 days | ☐ Petty |
| II | ☐ | 6 to 10 days | ☐ Minor |
| III | ☐ | 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ | 21 to 60 days | ☑ Felony |
| V | ☐ | 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge __________ Case No. __________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge __________ Magistrate Case No. __________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge __________ Case No. __________
9. Defendant(s) in federal custody as of __________
10. Defendant(s) in state custody as of __________
11. Rule 20 from the __________ District of __________
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: ______________________________
Edward N. Stamm
Assistant United States Attorney
FL Bar No. 373826

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Alvin Bernard

**Case No**: ______

Count #: 1 and 2

Wire Fraud

18 U.S.C. § 1343

*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: $250,000 or gross gain or loss from the offense, whichever is higher**
*** Special Assessment: $100**

Count #: 3

False statements

15 U.S.C. § 645(a)

*** Max. Term of Imprisonment: 2 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 1 year**
*** Max. Fine: $250,000 or gross gain or loss from the offense, whichever is higher**
*** Special Assessment: $100**

Count #:

*** Max. Term of Imprisonment:**
*** Mandatory Min. Term of Imprisonment (if applicable):**
*** Max. Supervised Release:**
*** Max. Fine:**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NUMBER: 26-CR-20055-BLOOM/ELFENBEIN**

**BOND RECOMMENDATION**

DEFENDANT: ALVIN BERNARD

**$50,000 Personal Surety Bond**

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: Edward N. Stamm
AUSA:

Last Known Address: [redacted]

What Facility:

Agent(s): **Emily C. Goldyn, FBI**
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)